THE STATE OF NEW JERSEY v. JAMES P. McGOVERN, PROSECUTOR.

Submitted March 20, 1913—Decided June 8, 1913.

If a single statute creates several misdemeanors, one only of which is charged in an indictment, facts pertinent to the other statutory offences need not be negatived in such indictment.

On *certiorari*.

Before Justices GARRISON, SWAYZE and MINTURN.

For the prosecutor, *J. Emil Walscheid*.

For the defendant, *Robert S. Hudspeth*, prosecutor of the pleas, and *Pierre P. Garven*.

The opinion of the court was delivered by

GARRISON, J. This is a motion to quash an indictment. The indictment charges that McGovern, a member of the board of chosen freeholders of the county of Hudson, "did then and there unlawfully obtain from the said the board of chosen freeholders of the county of Hudson a certain sum of money, to wit, the sum of $921.64, of the moneys of the said the board of chosen freeholders of the county of Hudson, which sum of money was not lawfully and justly due the

said James P. McGovern at the time of obtaining the same, contrary to," &c.

Section 169 of the Crimes act of 1898 (*Comp. Stat., p. 1796*) upon which the indictment is founded is as follows:

"Any officer of any city, township, village, borough, ward or county of this state who shall hereafter obtain (or counsel, aid, assist or procure in obtaining for any other person or persons, corporation or corporations) any sum or sums of money, notes, bonds, script, securities or other valuable thing, from any such city, township, village, borough, ward or county, or from this state, not lawfully and justly due to said officer, or to such other person or persons, corporation or corporations, at the time of obtaining the same, shall be guilty of a high misdemeanor."

This statute creates several misdemeanors, with one only of which McGovern is charged, viz., the unlawful obtaining of money not lawfully due to him. *State* v. *Brand,* 48 *Vroom* 486.

It is argued that this indictment is defective, in that it does not negative the fact that the money obtained by McGovern was lawfully due to someone else whom he was lawfully aiding or assisting, a negation that would apply to a misdemeanor with which he is not charged. If, under this indictment, the state should show the obtaining by McGovern of money lawfully due to someone else whose agent in this behalf McGovern was, the present indictment would not be proved. Under a proper construction of the statute the present indictment is good as to the single offence charged by it and will sustain a conviction upon proof of that offence, but not upon proof of any of the other offences set forth in the statute and not charged in the indictment.

The record is remitted for trial to the Hudson Sessions.